**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NAMITA GOSWAMI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 7167 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| DEPAUL UNIVERSITY, | ) | |
| PEG BIRMINGHAM, and | ) | |
| ELIZABETH ROTTENBERG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The plaintiff has filed a motion to compel former DePaul University professor, Dr. David Krell, to appear for a second deposition and answer questions about discussions he had with DePaul's counsel in preparation for his first deposition. At that first deposition, when plaintiff's counsel asked Dr. Krell what he discussed with DePaul's attorney, she interposed an objection that such information was privileged. Plaintiff submits that the attorney-client privilege does not apply to those discussions because Dr. Krell was not a member of DePaul's "control group" under Illinois law and, moreover, is a former, rather than a current, employee.

It's not clear why plaintiff thinks Illinois law applies to this question. The gravamen of her complaint is that DePaul discriminated against her in violation of federal Civil Rights law. She bases jurisdiction on the presence of a federal question. She advances four federal claims and has a single state law claim pending. The court need not apply state law to the privilege question here where the principal claim, and the claim upon which jurisdiction is based, arises under federal law. *Dunn v. Washington County Hosp.*, 429 F.3d 689, 693 (7th Cir. 2005)("Only in diversity litigation

do state evidentiary privileges apply directly, . . . ."); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 925 (7th Cir. 2004)("Illinois privilege does not govern in federal-question suits, . . . ."); *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981). Instead, the question is to be resolved under "the principles of the common law as they may have been interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501; *Shadur*, 664 F.2d at 1061.

As such, Illinois' "control group" test does not apply. It was, as the plaintiff concedes, abandoned in *Upjohn v. United States*, 449 U.S. 383 (1981). Plaintiff has no fall back position; she wagered all on the gamble that the "control group" test was applicable.

"The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). Plaintiff does not dispute that the conversation between DePaul's counsel and Dr. Krell was for the purpose of obtaining legal advice, but only that the privilege does not extend to such discussions with *former* employees. The Seventh Circuit has not addressed this question, saying only that "[a]n argument could be made that the attorney-client privilege does not protect statements made in conversations with former employees," while at the same time conceding that "every circuit to address this question has concluded that the distinction between present and former employees is irrelevant for purposes of the attorney-client privilege." *Sandra T.E.*, 600 F.3d at 622 n.2 (citing *In re Allen*, 106 F.3d 582, 606 (4th Cir. 1997); *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.,* 658 F.2d 1355, 1361 n. 7 (9th Cir.1981)); see also *Ross v. City of Memphis*, 423 F.3d 596, 603-04 (6th Cir. 2005)(former city employee could not vitiate city's attorney-client privilege by revealing

2

confidential information in support of qualified immunity defense). One can only speculate what argument the Seventh Circuit has in mind. But until one is made – and it is not made here, as plaintiff leaves its assertion undeveloped and unsupported, *United States v. Hassebrock,* 663 F.3d 906, 914 (7th Cir.2011) (explaining that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived) – the better answer is that the privilege applies.

If it did not, the entity's attorney client privilege could be destroyed by nothing more than the career movements of employees. More so than in the past, careers are transient, and employees move from employer to employer. In this case, Dr. Krell simply retired. Under plaintiff's view, his communications with DePaul's counsel were privileged one day and not privileged the next. As the Supreme Court said in *Upjohn*, "[a]n uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." 449 U.S. at 393. Plaintiff's motion [Dkt. # 97] must be DENIED.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/31/14